UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Ariel Edry<br><br>                               Plaintiff,<br><br><br><br>   -v.-<br>GC Services L.P.<br><br>                              Defendant(s). | **DEMAND FOR JURY TRIAL**<br><br>C.A. No.: 0:18-cv-62025 |

**COMPLAINT**

Plaintiff Ariel Edry ("Plaintiff") by and through his attorneys, and as and for his Complaint against Defendant GC Services L.P. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from Defendant's violations of Section 227 *et.seq.* of Title 47 of the United States Code, commonly referred to as the Telephone Consumer Protection Act ("TCPA").

2. Additionally, Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"),

**PARTIES**

3. Plaintiff is a resident of the State of Florida, County of Broward, residing at 3547 Forest View Circle, Fort Lauderdale, FL, 33312.

1

4. Defendant GC Services LP is a Delaware corporation with an address for service in Florida c/o CT Corporation System, 1200 S Pine Island Road, Plantation, Florida, 33324.

5. Defendant GC Services LP is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

9. Sometime prior to February 2018, an obligation was allegedly incurred to Nissan Motors.

10. The Nissan Motors obligation arose out of transactions in which money, property, insurance or services were primarily used for personal, family or household purposes. Specifically, Plaintiff obtained a car, which he for personal, and family use.

11. The alleged Nissan Motors obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

12. Nissan Motors is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

13. Nissan Motors or a subsequent owner of the debt, contracted the Defendant to collect the alleged debt.

14. Defendant GC Services collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

15. On information and belief, on a date better known to Defendant, Defendant began calling Plaintiff's cellular telephone, using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or using an artificial or prerecorded voice.

16. Defendant placed calls to Plaintiff's cell phone in the manner described previously.

17. Plaintiff spoke with Defendant on or around February 8, 2018 and revoked any consent that Defendant may have had to contact him on his cellular telephone.

18. Once Defendant was aware that its calls were unwanted, its continued calls could have served no purpose other than harassment.

19. Defendant ignored Plaintiff's revocation and continued to call his cellular telephone number on a consistent basis.

20. These calls from Defendant to Plaintiff was a collection communication in violation of numerous and multiple provisions of the TCPA, including but not limited to 47 U.S.C. § 227 (b)(1)(A) and 47 U.S.C. § 227(c)(5)(B).

21. As a result of Defendant's unfair practices, Plaintiff has been damaged.

22. Additionally, on or around May 12, 2018 Defendant called the Plaintiff's brother and had a conversation with him disclosing the Plaintiff's debt.

23. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT)

24. Plaintiff repeats, reiterates and incorporates the allegations contained in all of the paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

25. The TCPA prohibits a person from making any non-emergency call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone phone number assigned to a cellular telephone service. 47 U.S.C. § 227 (b), See 47 CFR 64.1200 (a)(1).

26. Defendant used an automatic telephone dialing system when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A), 47 CFR 64.1200 (a)(1).

27. Defendant used an artificial or prerecorded voice when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A).

28. Defendant willfully or knowingly violated the TCPA, 47 U.S.C. § 227, entitling Plaintiff to three times the damages available under 47 U.S.C. § 227(c)(5)(B).

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT)

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

30. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c, 1692d, 1692e and 1692f.

31. These violations consist of communications by the Defendant with a third party and disclosing the Plaintiff's debt.

32. Additionally, Defendant violated the provisions listed above by continuing to call the Plaintiff after he specifically stated to not call any further.

33. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated the above stated provisions of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

34. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ariel Edry demands judgment from Defendant GC Services LP as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For actual damages provided and pursuant to 47 U.S.C. § 227(b)(3);

e) For statutory damages provided and pursuant to 47 U.S.C. § 227(b)(3);

f) For attorney fees and costs provided and pursuant to 47 U.S.C. § 227(b)(3);

g) A declaration that the Defendant's practices violated the TCPA; and

h) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: August 27, 2018                                          Respectfully Submitted,

**ZEIG LAW FIRM, LLC**

*/s/ Justin Zeig*
Justin Zeig, Esq.
3475 Sheridan Street, Ste 310
Hollywood, FL 33021
Phone: (754) 217-3084
Fax: (954) 272-7807
Justin@zeiglawfirm.com
*Attorney for Plaintiff*